UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Child 1, et al.,                                                    Case No. 3:24-cv-1114

            Plaintiffs,

       v.                                                           ORDER

Shannon Kociancic,

            Defendant.

On June 7, 2025, Defendant filed a motion for partial judgment on the pleadings seeking judgment on "Claim 15 (*Brady* claim), Claims 16, 17, 18, and 19 (federal malicious prosecution), Claims 20, 21, 22, and 23 (state law malicious prosecution), Claim 24 (federal false arrest), and Claim 25 (state law false arrest), contained in Plaintiffs' Third Amended and Supplemental Complaint." (Doc. No. 33 at 1).

Before me now is Plaintiffs' motion to file an opposition brief to Defendant's motion that exceeds the twenty-page page limitation. (Doc. No. 40). In support, Plaintiff alleges:

> Plaintiffs must respond to *all* arguments advanced by Defendant, as well as issues Defendant failed to identify. Such issues include the application of *Heck v. Humphrey*, state and federal collateral-estoppel elements, and two binding U.S. Supreme Court cases. Plaintiffs must also address the application of qualified immunity to all federal claims, even though Defendant argues she is entitled to qualified immunity only on the *Brady* claim, to preserve such arguments. Plaintiffs must address both Defendant's explicit arguments and issues implicated by those arguments. Plaintiffs' opposition thus must address many more issues than Defendant's motion did, and Plaintiffs believe that 20 pages will be insufficient.

(Doc. No. 40 at 1).

Because Plaintiffs offer no authority to support a conclusion that exceeding the scope of Defendant's motion for judgment on the pleadings in this fashion would be proper, I am not persuaded that granting an extension of the page limitation to allow such arguments is appropriate.

Ultimately, motions for judgment on the pleadings filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure are subject to the same standard as a Rule 12(b)(6) motion to dismiss. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). The moving party for these Rule 12 motions "bears the burden of explaining—with whatever degree of thoroughness is required under the circumstances—why dismissal is appropriate for failure to state a claim." *Pinnacle Bank as Trustee of Ransom Fam. Tr. v. Fid. & Deposit Co. of Md.*, 598 F. Supp. 3d 666, 670-71 (M.D. Tenn. 2022).

Put simply, Defendant's motion will fail or succeed based on the merits of the arguments she made in her motion. Therefore, I conclude good cause does not exist to grant Plaintiffs leave to exceed page limitations to raise arguments in their opposition brief that do not oppose the arguments Defendant actually raised in her motion. Plaintiffs' motion to exceed page limitations is denied. (Doc. No. 40).

So Ordered.

                                                s/ Jeffrey J. Helmick
                                                United States District Judge