UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Child 1, et al.,                                                        Case No. 3:24-cv-1114

          Plaintiffs,

   v.                                                                         ORDER

Shannon Kociancic,

          Defendant.

## I.    INTRODUCTION

Before me is Plaintiffs' motion for an Order requiring a City of Perrysburg representative to attend mediation. (Doc. No. 53). More specifically, Plaintiffs request "the Court to use its authority under the All Writs Act, 28 U.S.C. § 1651, to order a City of Perrysburg representative with the authority to grant Plaintiffs' nonmonetary demands to attend the parties' upcoming mediation on February 4, 2026, and to authorize a subpoena accordingly as needed." (*Id.* at 1). But the City of Perrysburg is not a party to this action, and rather than file an opposition brief to Plaintiff's motion, sent my chambers a letter in response asking that I deny Plaintiffs' request. The City also sent a copy of this letter to counsel for the parties. (*See* Doc. Nos. 55 and 55-1).

## II.    ANALYSIS

Pursuant to the All Writs Act, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "The power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to

frustrate the implementation of a court order or the proper administration of justice[.]" *United States v. New York Tel. Co.*, 434 U.S. 159, 174 (1977).

Plaintiffs allege that by refusing to appear for the mediation before Magistrate Judge Jonathan D. Greenberg, the City of Perrysburg is frustrating the implementation of Judge Greenberg's Order:

> **ATTENDANCE OF ALL PARTIES REQUIRED. Parties with ultimate settlement authority must be personally present. Ultimate settlement authority means the authority to settle up to the full amount of the other sides' demand.**

(Doc. No. 47 at 1) (emphasis in original). Plaintiffs assert the "full amount of [their] demand" includes nonmonetary damages that Plaintiffs and Defendant agree can only be authorized by the City of Perrysburg. (Doc. No. 53 at 6). Hence, Plaintiffs suggest, Defendant may comply with Judge Greenberg's Order only if she is accompanied by a representative of the City with authority to acquiesce to each of Plaintiffs' demands. Therefore, Plaintiffs ask that I compel the City of Perrysburg to produce such a representative to participate in the mediation.

I soundly reject Plaintiffs' invitation to extend my authority under the All Writs Act, as requested. Because Plaintiffs have stated no claim against the City of Perrysburg, they are not entitled to damages from the City directly. Further, even if Plaintiff is correct and the City's insurance policy may "cover the price of most, if not all, of any settlement . . . and [the City's] rates may increase because of either this settlement or continued litigation costs if mediation fails," (Doc. No. 53 at 7), this is merely a reason the City might *want* to participate in the mediation. It does not justify a Court Order requiring not only that a City representative attend the mediation, but also that the City authorize up to the full amount of the nonmonetary damages demanded by Plaintiff so that Defendant may comply with Judge Greenberg's Order.

2

### III. CONCLUSION

Because it is neither necessary nor appropriate for me to Order a City of Perrysburg representative with the authority to grant Plaintiffs' nonmonetary demands to attend the parties' upcoming mediation, Plaintiffs' motion is denied.  (Doc. No. 53).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
